| **Sumpter v Harlem Children's Zone, Inc.** |
| :---: |
| 2024 NY Slip Op 32819(U) |
| August 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157887/2023 |
| Judge: James d'Auguste |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **Hon. James E. d'Auguste**                    **PART 55**

*Justice*

-------------------------------------------------------------------------------X

ALEXIS SUMPTER,

                                            Plaintiff,

                          - v -

HARLEM CHILDREN'S ZONE, INC., THE BACHRACH GROUP,

                                            Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157887/2023 |
| **MOTION DATE** | 05/02/2024, 05/02/2024 |
| **MOTION SEQ. NO.** | 001 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for                    ENFORCE/EXEC JUDGMENT OR ORDER           .

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for                              ENFORCEMENT                        .

Plaintiff Alexis Sumpter ("Sumpter") seeks to enforce an alleged settlement agreement she entered into with defendants Harlem Children's Zone, Inc. ("HCZ") and The Bachrach Group ("TBG"). The motion is granted to the extent of granting enforcement of the settlement together with statutory interest assessed against TBG commencing 30 days after Sumpter returned the signed settlement agreement and without prejudice to Sumpter filing a separate motion, pursuant to 22 NYCRR 130-1.1, seeking the imposition of sanctions against TBG and the recovery of attorneys' fees necessitated by TBG's refusal to comply with the agreed upon settlement.

On August 8, 2023, Sumpter commenced the instant litigation asserting claims of disability discrimination against plaintiff in violation of New York City Human Rights Law

**157887/2023   SUMPTER, ALEXIS vs. HARLEM CHILDREN'S ZONE, INC. ET AL**
**Motion No.  001 001**

**Page 1 of 5**

1 of 5

("NYCHRL"), failure to provide plaintiff a reasonable accommodation for her disabilities in violation of NYCHRL, and retaliation for plaintiff requesting a reasonable accommodation in violation of NYCHRL. NYSCEF Doc. No. 1. On September 22, 2023, TBG answered the complaint and filed a cross-claim against HCZ for contribution and indemnification. NYSCEF Doc. No. 3. Also on September 22, 2023, HCZ answered the complaint, asserted a cross-claim against TBG for contribution and indemnification, and responded to TBG's cross-claim. NYSCEF Doc. No. 4. On October 5, 2023, TBG responded to HCZ's cross-claim. NYSCEF Do. No. 8.

As relevant to this motion, the parties thereafter entered into settlement negotiations and thereafter agreed to settle the litigation. After a series of telephonic communications HCZ's counsel sent plaintiff an email stating: "As a follow up to our recent conversations, Defendants will agree to offer $45k in full and final settlement of the case, provided that such an offer will be accepted by Plaintiff." The communication indicates that HCZ discussed settlement of the litigation with TBG's counsel, who was in agreement with the financial parameters of settling the litigation. HCZ's counsel also indicated that he wanted certain non-monetary covenants that are often used when these types of cases are resolved, such as confidentiality, no re-hire, no admission of wrongdoing, and standard non-disparagement.

On December 19, 2023, plaintiff's counsel advised defendants' attorneys that "[w]e have an agreement in principle barring any material disagreement with the language in the settlement agreement." On January 3, 2024, HCZ's counsel circulated a draft settlement agreement. On January 9, 2024, plaintiff's counsel provided defendants' attorneys proposed revisions to the settlement agreement. Also on January 9, 2024, HCZ's counsel indicated that both defendants' attorneys would review this draft with their respective clients and respond as soon as possible.

**157887/2023   SUMPTER, ALEXIS vs. HARLEM CHILDREN'S ZONE, INC. ET AL**
**Motion No.  001 001**

**Page 2 of 5**

2 of 5

[* 2]

On January 17, 2024, HCZ's attorney sent a message that the draft was still being reviewed but asked plaintiff, in order to expedite issuance of the settlement payments, to complete a particular Centers for Medicare & Medicaid Services (CMS) form. On January 22, 2024, HCZ's counsel also sent an email on behalf of defendants attaching an updated proposed settlement agreement

On January 22, 2024, plaintiff's counsel informed HCZ's counsel that he preferred speaking directly with CMS to negotiate any potential monetary lien issues. Shortly thereafter, HCZ's counsel sent all attorneys an email stating:

> We can agree to remove the separate CMS form. Attached is an updated draft of the settlement agreement – both Word and pdf versions. If this works for everyone, we can consider it to be the "final" version. If not already done, kindly have Plaintiff sign the separate NDA and then this agreement once the revocation period for the NDA expires.

(emphasis added). On January 23, 2024, TBG's counsel sent a short email stating in relevant part: "That works for us."

On February 2, 2024, Sumpter returned the signed settlement agreement and non-disclosure agreement. On February 7, 2024, HCZ's attorney emailed all counsel a copy of the settlement agreement signed by his client. On February 8, 2024, TBG emailed counsel "My client has advised that they will not be proceeding with the proposed settlement and will continue with its defense of Plaintiff's claims in litigation." As with Sumpter, HCZ's attorney noted that his client considered the litigation settled:

> It is certainly Harlem Children's Zone's position that all parties reached a final agreement to settle this case in its entirety, which includes a release of all claims by Plaintiff against all Defendants, and a release of the respective cross-claims that the Defendants asserted against one another. Everything was memorialized in a written agreement which all counsel reviewed and provided comments on, and all of our respective edits were synthesized into a final document which you agreed to on behalf of your client in an e-mail on January 23 (attached).

**157887/2023   SUMPTER, ALEXIS vs. HARLEM CHILDREN'S ZONE, INC. ET AL**                **Page 3 of 5**
**Motion No.  001 001**

3 of 5

[* 3]

On March 6, 2024, Sumpter's counsel emailed TBG's counsel correspondence stating that an application to enforce the settlement would be filed should TBG renege on the settlement. On March 21, 2024, TBG's attorney responded, without any explanation as to her earlier conduct, that her "client's position has not changed." On May 1, 2024, Sumpter filed the instant motion seeking to enforce the settlement agreement together with costs, disbursements, interest, and attorneys' fees.

An out-of-court settlement of an action is enforceable against a party if "it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." CPLR 2104. An email exchange is sufficient to meet the "writing" requirement. *Philadelphia Insurance Indemnity Company v. Kendall*, 197 A.D.3d 75 (1st Dept. 2021). The importance in determining the enforceability of an agreement by email is "if an attorney hits 'send' with the intent of relaying a settlement offer or acceptance." *Kendall*, 197 A.D.3d at 79-80. Here, HCZ's attorney clearly stated in his email: "Attached is an updated draft of the settlement agreement – both Word and pdf versions. If this works for everyone, we can consider it to be the 'final' version." The language used therein makes plain that the attached document contained all of the material terms of the settlement. In response, TBG's counsel sent an email stating: "That works for us," which is sufficient for the writing requirement contained in CPLR 2104. Notably, TBG fails to provide a credible explanation for its failure to expeditiously deny the existence of a settlement when Sumpter's counsel sent defendants' counsel signed settlement and non-disclosure agreements.

Accordingly, this Court is ordering the enforcement of the settlement with 9% interest as against TBG commencing 30 days after Sumpter returned the settlement agreement. The Court will not, at this juncture, award attorneys' fees. This branch of Sumpter's application appears to

**157887/2023   SUMPTER, ALEXIS vs. HARLEM CHILDREN'S ZONE, INC. ET AL**          **Page 4 of 5**
     **Motion No.  001 001**

4 of 5

be premised upon an argument that TBG's conduct is frivolous, but plaintiff did not seek relief under 22 NYCRR 130-1.1 in its notice of motion. As such, the request for attorneys' fees is denied without prejudice to filing an appropriately noticed motion, if warranted.

This constitutes the decision and order of this Court.

**8/12/2024**
**DATE**

**James d'Auguste, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

157887/2023   SUMPTER, ALEXIS vs. HARLEM CHILDREN'S ZONE, INC. ET AL
Motion No.  001 001

Page 5 of 5

5 of 5